IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 35786

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

WADE LAMONTE PETERSON,

    Defendant-Appellant.

Boise, December 2009

2010 Opinion No. 16

Filed: February 8, 2010

Stephen W. Kenyon, Clerk

_____

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

District court conviction, and order of confiscation, vacated.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Diane M. Walker, Deputy Appellate Public Defender argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Jennifer E. Birken, Deputy Attorney General argued.

_____

BURDICK, Justice

Appellant, Wade L. Peterson, appeals from his conviction for felony possession of a controlled substance. Peterson argues that the plea agreement he entered into with the State of Idaho on December 1, 2003, was in resolution of all possible charges arising from his arrest on August 20, 2003, including the felony possession of a controlled substance charge. Peterson argues that, pursuant to that plea agreement, his subsequent conviction should be vacated, and the matter dismissed. Peterson also argues that the district court abused its discretion in denying his Motion to Reconsider an order granting the State's Motion for Confiscation of Firearms and Contraband. We now vacate the conviction and order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 20, 2003, Peterson was arrested for possession of a controlled substance, possession of drug paraphernalia, unlawful possession of a firearm, carrying a concealed weapon, possession of illegal fireworks, and illegal possession of prescription drugs. Pursuant to

1

this arrest the State seized weapons from Peterson's van, including two firearms and a baseball bat. The Ada County Prosecutor's Office filed a complaint against Peterson, and a preliminary hearing was held before the magistrate court on September 2, 2003. At that hearing, the magistrate dismissed the count of felony possession of a controlled substance, as the State had failed to obtain a lab report within the set time limits, telling the prosecutor that the charge could be re-filed if a lab report was obtained. At Peterson's video arraignment for the misdemeanor charges, for possession of drug paraphernalia and carrying a concealed weapon, on September 3, 2003, the Ada County Prosecutor's Office sought to amend the complaint to reinstate the dismissed felony possession of a controlled substance charge. The magistrate denied this requested amendment and told the prosecutor that the prosecutor could re-file the charge as a new complaint, but could not amend the original complaint. On September 16, 2003, a new criminal complaint was filed against Peterson for felony possession of a controlled substance, and a probable cause hearing was conducted before a magistrate, during which the prosecutor told the magistrate that the State intended to amend the complaint containing the felony possession of a controlled substance charge to add the two misdemeanors charges, and then issue a summons for Peterson.[1]

At a pretrial conference on the original misdemeanor case on October 30, 2003, the magistrate judge asked whether the felony charge had been re-filed, as the magistrate was concerned that the misdemeanor charges may have been incidental to the felony if it were re-filed. Peterson's attorney indicated that he was unaware of any re-filing, and the prosecutor expressed that, to the best of her knowledge, the misdemeanor charges were the only charges pending against Peterson. On December 1, 2003, Peterson appeared before a magistrate and entered into an oral Rule 11 plea bargain with the State, wherein Peterson pled guilty to the misdemeanor concealed weapon charge, and the remaining charge under that complaint, misdemeanor possession of drug paraphernalia, was dismissed.

Following Peterson's completion of probation for the concealed weapon charge, a warrant was issued for Peterson on the felony possession of a controlled substance charge on July 8, 2004. On February 18, 2005, on arraignment before a magistrate, Peterson stated that it was his understanding that the possession of a controlled substance charge had been dismissed in

---

[1] Ada County did not follow through on their intentions. The two separate complaints remained separate, and a warrant was not issued for Peterson on the felony charge until July of the following year.

2003.  On May 27, 2005, Peterson filed a Motion to Dismiss on double jeopardy grounds, claiming that the possession of a controlled substance charge had already been disposed of by the plea agreement entered on December 1, 2003.  Following a hearing before the district court on July 14, 2005, this motion was denied on September 6, 2005.  On May 2, 2006, Peterson entered a conditional *Alford*[2] plea of guilty on the charge of possession of a controlled substance. Peterson was given a suspended sentence of seven years with two years fixed on June 6, 2006, and Peterson filed a Notice of Appeal on the same day.

On November 6, 2006, Peterson made a motion to the district court for a release of some of his property that was seized pursuant to the August 20, 2003, arrest.  The district court denied this motion on November 21, 2006, based upon the State's notification that it intended to file a motion to confiscate the property.  The State filed a Motion for Confiscation of Firearms/Contraband on December 7, 2006, and Peterson filed an Objection to Motion for Confiscation and Claim of Property on December 8, 2006.  On February 6, 2007, a hearing was conducted before the district court and an Order for Confiscation of Firearms and Contraband was issued on February 9, 2007.  On March 19, 2007, the district court allowed Peterson to testify regarding the confiscation order, as Peterson had not been present at the February 6, 2007, hearing, and it was unclear whether Peterson had received notice of that hearing.  After Peterson's testimony, the district court issued an Order Denying Defendant's Motion to Reconsider on April 9, 2007.  Peterson filed a Notice of Appeal on April 13, 2007.

## II.  STANDARD OF REVIEW

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).  "Whether a plea agreement has been breached is a question of law to be reviewed by this Court *de novo*, in accordance with contract law standards." *State v. Jafek*, 141 Idaho 71, 73, 106 P.3d 397, 399 (2005) (citing *United States v. Bunner*, 134 F.3d 1000, 1003 (10th Cir. 1998)); *see also Puckett v. U.S.*, 129 S.Ct. 1423, 1430 (2009) ("[P]lea bargains are essentially contracts.  When the consideration for a contract fails – this is, when one of the exchanged promises is not kept – . . . we say that the contract was broken.").

---

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).

In determining whether the State has breached a plea agreement a court must examine the language of the plea agreement, and where the language of that plea agreement is ambiguous, those ambiguities shall be resolved in favor of the defendant. *State v. Fuhriman*, 137 Idaho 741, 745, 52 P.3d 886, 890 (Ct. App. 2002). "The burden of proving the existence of a contract and the fact of its breach is upon the plaintiff." *O'Dell v. Basabe*, 119 Idaho 796, 813, 810 P.2d 1082, 1099 (1991); *see also Johnson v. Nasi*, 309 P.2d 380, 382 (Wash. 1957) ("The burden of proving a contract, whether express or implied, is on the party asserting it, and he must prove each essential fact, including the existence of a mutual intention.").

The determination that a plea agreement is ambiguous is a question of law; however, interpretation of an ambiguous term is a question of fact. *State v. Allen,* 143 Idaho 267, 272, 141 P.3d 1136, 1141 (Ct. App. 2006). Factual determinations made by a trial court shall not be set aside on review unless they are clearly erroneous. *Bramwell v. S. Rigby Canal Co.*, 136 Idaho 648, 650, 39 P.3d 588, 590 (2001).

## III. ANALYSIS

### A. Plea Agreement

The plea agreement in the present case was never reduced to writing. Peterson's counsel initially presented the plea agreement to the court as follows:

> We think we worked out a deal, Your Honor. We wanted to try to do it as an oral Rule 11, if you're okay with that. Let's see. I wrote it down somewhere, but let me go by memory. We had – he has 28 days time served. We would dismiss – the state would dismiss the paraphernalia. He would be – he would plead guilty to the concealed weapon which was the folding knife, get credit for time served and some of those days could be attributed to credit for court costs and there would be no fines at all is what we're looking at doing and a withheld judgment, 6 months probation is what we're looking at.

The prosecutor and defendant both agreed with this articulation of the plea bargain. Peterson's attorney then attempted to clarify the scope of the plea bargain:

> Your Honor, I just want to make sure that everybody knows – this all came from a bunch of different charges and things, and this will resolve this entire case, just in case we don't think it does. I assume it would automatically, but I just wanted to put that on the record.

The prosecutor said nothing to dispute this articulation, the plea bargain was accepted by the magistrate, and Peterson was sentenced to six months of probation.

At the hearing on Peterson's Motion to Dismiss, the district court noted that it had reviewed transcripts of the March 31, 2005, preliminary hearing; the October 30, 2003, pretrial

4

conference; and the December 1, 2003, guilty plea and sentencing hearing. The district court specifically questioned the attorneys as to the meaning of the statement made by Peterson's attorney on December 1, 2003 (neither the prosecutor, nor Peterson's defense attorney were the same individuals who had acted in those capacities in the prior case), and the prosecutor told the court that the statement probably referred to the dismissal of additional misdemeanor charges on which the police had originally arrested Peterson. The court noted that additional fact-finding – regarding what the attorneys present at the December 1, 2003, hearing had believed the scope of the plea agreement to be – would be helpful, and provided the parties with an opportunity to subpoena the attorneys or have them file affidavits.

On September 6, 2005, neither party had submitted anything further to the court, and the court concluded that, as the court was convinced by the State at the July 7th hearing that "the parties' intention was not that the instant case would be dismissed as part of a negotiated plea agreement in another related case," and since Peterson had failed to produce anything further to refute this finding, the plea agreement was not breached by charging Peterson with felony possession of a controlled substance.

Ambiguities in a plea agreement are to be interpreted in favor of the defendant. "As with other contracts, provisions of plea agreements are occasionally ambiguous; the government 'ordinarily must bear responsibility for any lack of clarity.'" *United States v. De la Fuente*, 8 F.3d 1333, 1338 (9th Cir. 1993) (quoting *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985)). "[A]mbiguities are construed in favor of the defendant. Focusing on the *defendant's* reasonable understanding also reflects the proper constitutional focus on what induced the *defendant* to plead guilty." *De la Fuente*, 8 F.3d at 1337 n.7.

"[I]t is a general rule of law that silence and inaction, or mere silence or failure to reject an offer when it is made, does not constitute an acceptance of the offer." *Vogt v. Madden*, 110 Idaho 6, 9, 713 P.2d 442, 445 (1985). However:

> (1) Where an offeree fails to reply to an offer, his silence and inaction operate as an acceptance in the following cases only: (a) Where an offeree takes the benefit of offered services with reasonable opportunity to reject them and reason to know that they were offered with the expectation of compensation. . . .

Restatement (Second) of Contracts § 69 (1981).

The record shows that Peterson, as the party attempting to enforce the contract, met his burden of proving the existence and content of that contract through the introduction of the

5

transcript of the December 1, 2003, plea hearing, wherein Peterson's counsel recited the terms of the plea agreement, such terms being agreed to by the State, and then offered his clarifying statement of the scope of the agreement, with no objection or response from the State. The record before us demonstrates that Peterson understood the plea agreement to be in resolution of all charges arising from his August 20, 2003, arrest. Following Peterson's counsel's clarifying statement, the prosecutor stood silent. Based upon the facts of this case, where both the prosecution and defense have assented to entry of the plea agreement contract, and where, immediately following the court's acceptance of the plea agreement, defense counsel proffers a description of the scope of the plea agreement, said description differing from what the prosecutor understands the agreement to encompass, the prosecutor has an affirmative duty to dispute the defendant's representation of the scope of the plea agreement, or to ask for further time to clarify the agreement. Otherwise silence shall be interpreted as acceptance of the stated terms.

Here the prosecution understood what Peterson believed the plea agreement to be, and took the benefit of that contract in allowing Peterson to plead guilty and complete his probation. Having taken that benefit with the knowledge that Peterson believed the guilty plea was in resolution of all charges arising from the August 20, 2003, arrest, the prosecution cannot now deny Peterson his benefits under that contract. As was noted by the Ninth Circuit Court of Appeals in *United States v. Krasn*, 614 F.2d 1229, 1234 (9th Cir. 1980), in some cases the duty of the prosecutor to act in good faith throughout the plea bargaining phase includes an obligation to inform the defendant of other charges which may be filed. In light of the fact that the felony charge had previously been dismissed, and the statement made by Peterson's counsel about the scope of the plea agreement, this was clearly such a case.

Therefore, we hold that based upon the record before the district court in interpreting the plea agreement, the district court's determination that the plea agreement did not encompass all charges arising from the August 20, 2003, arrest was erroneous. As such, we order Peterson's conviction for felony possession of a controlled substance vacated.

## B. Confiscation of Weapons

Idaho Code § 19-3807(1) provides, *inter alia*:

> At the time any person is convicted of a felony in any court of the state of Idaho, firearms . . .or any other deadly weapons or contraband of any kind found in his possession or under his control at the time of his arrest may be confiscated and

disposed of in accordance with the order of the court before which such person was tried.

The threshold requirement of I.C. § 19-3807(1) is that a person be convicted of a felony in the State of Idaho. Having found that the State was barred from charging Peterson with felony possession of a controlled substance in this instance, due to the previously accepted plea agreement, and that Peterson was therefore not properly convicted of a felony, the felony conviction underlying the seizure of Peterson's firearm and baseball bat no longer exists. Therefore, we vacate the district court's confiscation order.

## IV. CONCLUSION

As the plea agreement that Peterson entered into with the State was ambiguous, and ambiguities in a plea agreement are interpreted in favor of the defendant, we find that the State was barred from charging Peterson with felony possession of a controlled substance based upon his August 20, 2003, arrest. His conviction shall be vacated. As this results in no underlying felony conviction for purposes of I.C. § 19-3807(1) forfeiture, the order allowing confiscation of Peterson's firearm and baseball bat is likewise vacated.

Chief Justice EISMANN and Justices J. JONES, W.JONES and HORTON, **CONCUR.**

7