IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39678

| STATE OF IDAHO, | ) | |
| --- | --- | --- |
| | ) | 2013 Opinion No. 8 |
| Plaintiff-Respondent, | ) | |
| | ) | Filed: February 6, 2013 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| BRITTANY MICHELLE ACUNA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge. Hon. Thomas W. Clark, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate, affirming order of restitution, reversed and remanded.

Stephen G. Larsen, Pocatello, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jason M. Gray, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Brittany Michelle Acuna appeals from the district court's decision affirming the magistrate's order of restitution entered after her guilty plea to misdemeanor battery. For the reasons set forth below, we reverse and remand to the magistrate.

Acuna was charged with felony battery upon an officer. Acuna waived her preliminary hearing before the magistrate and the case was sent to the district court for arraignment. Acuna pled not guilty and the matter was set for a jury trial. Thereafter, the state filed an amended information charging Acuna with misdemeanor battery, I.C. § 18-903(b), and the parties submitted a nonbinding I.C.R. 11 plea agreement to the district court. Acuna entered a guilty plea to the amended charge, and the district court accepted the plea and remanded the matter to the magistrate for sentencing. As part of the plea agreement, Acuna agreed "to pay restitution to the victim in this matter which is not covered by workers compensation and/or medical insurance." Acuna was sentenced by the magistrate and a restitution hearing was set. The state

1

submitted a letter from the State Insurance Fund[1] requesting restitution in the amount of $10,310.58 for worker's compensation payments made to or on behalf of the injured officer. After hearing oral argument, the magistrate ordered Acuna to pay $4500 in restitution to the State Insurance Fund pursuant to I.C. § 19-5304.[2] Acuna appealed. The district court affirmed the magistrate's order of restitution. Acuna again appeals, alleging breach of the plea agreement.

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.*

Acuna argues the state breached the plea agreement by submitting a restitution request on behalf of the State Insurance Fund that was outside the ambit of the agreement. Whether a plea agreement has been breached is a question of law to be reviewed by the appellate court de novo, in accordance with contract law standards. *State v. Peterson*, 148 Idaho 593, 595, 226 P.3d 535, 537 (2010). Acuna claims the state breached the plea agreement, and she has the burden of proving that breach. *See id.* In determining whether the state has breached a plea agreement, a court must examine the language of the plea agreement and, where the language of that plea agreement is ambiguous, those ambiguities shall be resolved in favor of the defendant. *State v. Fuhriman*, 137 Idaho 741, 745, 52 P.3d 886, 890 (Ct. App. 2002). The determination of whether a contract is ambiguous is a question of law over which we may exercise free review. *Bondy v. Levy*, 121 Idaho 993, 997, 829 P.2d 1342, 1346 (1992). If the language of the document is unambiguous, given its ordinary and well-understood meaning, we will not look beyond the four corners of the agreement to determine the intent of the parties. *State v. Gomez*, 153 Idaho 253, 257, 281 P.3d 90, 94 (2012). In determining whether a contract is ambiguous, our task is to ascertain whether the contract is reasonably subject to conflicting interpretations. *Id.*

---

[1]     The State Insurance Fund is a "victim" pursuant to I.C. § 19-5304(1)(e)(iv).

[2]     The officer did not claim any restitution because he did not incur any expenses not covered by worker's compensation or medical insurance.

The only mention in the plea agreement of restitution was that Acuna "agrees to pay restitution to the victim in this matter which is not covered by workers compensation and/or medical insurance. [Acuna] cannot be discharged from probation until this restitution is paid in full." This provision was ambiguous as to whether the state would be allowed to request any restitution apart from losses incurred by the injured police officer that were not covered by worker's compensation or other insurance. When a plea agreement expressly provides that the defendant will pay restitution for losses that are *not* covered by worker's compensation or other insurance, it can reasonably be understood to mean that the state will not request restitution for losses that *are* covered by worker's compensation or medical insurance. That is, the itemization of a type of cost that the defendant expressly agrees to pay may reasonably be understood to implicitly exclude the obligation to pay any other type of cost. Indeed, in statutory interpretation, the maxim "*expressio unius est exclusio alterius*," meaning that the specific mention of certain things implies the exclusion of all others, is a recognized rule. *E.g.*, *KGF Dev., LLC v. City of Ketchum*, 149 Idaho 524, 528, 236 P.3d 1284, 1288 (2010); *State v. Michael*, 111 Idaho 930, 933, 729 P.2d 405, 408 (1986). On the other hand, the clause in Acuna's plea agreement could also reasonably be understood to carry the meaning ascribed to it by the state--that Acuna was agreeing to pay the officer's otherwise uncompensated out-of-pocket costs but retained the right to challenge any additional restitution that might be requested by the state. Because this covenant is reasonably subject to differing interpretations, it is ambiguous. This ambiguity must be resolved in favor of the defendant. *Gomez*, 153 Idaho at 257, 281 P.3d at 94; *Peterson*, 148 Idaho at 595, 226 P.3d at 537. When so interpreted, the plea agreement precluded the prosecutor from requesting additional restitution.

This case is readily distinguishable from *Gomez*, 153 Idaho at 254, 281 P.3d at 91. In *Gomez*, pursuant to a plea agreement with the state, Gomez agreed to plead guilty to three drug-related felonies in exchange for an eight-year fixed sentence. At sentencing, the district court also imposed a twenty-five-year indeterminate sentence and a restitution order totaling $129,534.97. Gomez argued that the restitution order was a violation of the plea agreement because it was not contemplated in the agreement. Indeed, there was no mention of restitution in the plea agreement, so the contract was silent as to whether restitution would or would not be sought. The Idaho Supreme Court reasoned that the parties could have included restitution in the written plea agreement if they wanted the agreement to contemplate the issue. Viewing the

3

document within its four corners because the contract was unambiguous, the Court held that the restitution order did not breach the contract as the issue was not contemplated in the plea agreement. *Gomez,* 153 Idaho at 258, 281 P.3d at 95. Thus, a plea agreement that does not mention restitution at all is unambiguous in not restricting the state's ability to request restitution. Here, the parties did directly address the issue of restitution, but they did so in an ambiguous manner.

Therefore, applying the rule that ambiguities in a plea agreement must be resolved in favor of the defendant, we hold that the state breached the plea agreement by seeking restitution that the prosecutor had purported to waive in the plea agreement.[3] We reverse the decision of the district court and remand to the magistrate for a determination of whether the appropriate remedy in this case is, as Acuna requests, specific performance of the plea agreement or whether, in view of the terms of I.C. § 19-5304,[4] the appropriate remedy is to give Acuna the option to withdraw her guilty plea.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**

---

[3] It is important to bear in mind that the only issue here is whether the state breached the agreement by *requesting* additional restitution, not whether the magistrate had the authority to order greater restitution than Acuna had agreed to pay. Clearly, the magistrate did have such authority, as the agreement was not binding on the court. That conclusion does not, however, relieve the state of the consequence of its own breach of the plea agreement.

[4] Lurking beneath the surface of this appeal is an implicit question whether a prosecutor may, through a plea agreement, waive or limit the amount of restitution that may be requested or awarded on behalf of the crime victim pursuant to I.C. § 19-5304. That issue has not been briefed to this Court and its resolution is not necessary on this appeal. Assuming that the prosecutor *does not* possess such power, it is self-evident that the state ought not be allowed to induce a defendant to plead guilty based on a prosecutor's agreement to limit any restitution request when such a limit is unenforceable because it is beyond the prosecutor's authority.