**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49569**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Opinion Filed: November 22, 2023** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | |
| KRISTOPHER A. WREDE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Stevan H. Thompson, District Judge.

Order denying motion to waive or reduce cost of supervision fees, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Kristopher A. Wrede appeals from the district court's order denying his motion to waive or reduce fees associated with the cost of supervision of his probation. Wrede argues the district court abused its discretion in denying his motion because the district court failed to perceive the issue as one of discretion or, in the alternative, failed to reach its decision by an exercise of reason. We affirm the district court's order.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Following Wrede's guilty plea to felony making threats against elected officials, the district court imposed a unified sentence of five years, with two years determinate, to run concurrently with Wrede's sentence in a federal case. The district court suspended the sentence and placed Wrede on probation. Wrede appealed the sentence, contending the sentence is excessive; this Court affirmed the judgment of conviction and sentence. *State v. Wrede*, Docket No. 48944 (Ct. App. Jan 21, 2022).

1

Later, Wrede filed several motions, including a motion to "waive or reduce the costs of supervision based on Defendant's indigency." At the hearing on the motion and in support of his position, Wrede referenced two statutes by their content, but not by the section numbers. The State neither objected to nor agreed with the motion, but instead, left the decision to the district court.

The district court denied Wrede's motion, but agreed to recommend to the Idaho Department of Correction (IDOC) that it should consider reducing or terminating Wrede's cost of supervision based on his mental health, performance on probation, indigency, and presumed required payment to other supervising agencies. Wrede timely appealed.

## II.

## STANDARD OF REVIEW

Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

## III.

## ANALYSIS

Wrede argues the district court abused its discretion in denying his motion to waive or reduce the cost of his probation supervision fees because the district court failed to perceive the issue as one of discretion or, in the alternative, failed to reach its decision by an exercise of reason. The State argues the district court did not abuse its discretion because it lacked authority to waive or reduce Wrede's cost of supervision fees.

As a preliminary matter, we must address the preservation issues presented by both parties. The State argues Wrede failed to preserve the issue of whether the district court had authority to waive or reduce Wrede's cost of supervision because Wrede did not specifically mention I.C. § 20-221 when arguing his motion. Wrede argues the State waived any argument that the district court lacked authority to grant Wrede's motion because the State never argued that basis in the district court, did not object to the motion, and left the decision to the district court's discretion.

2

We disagree with both parties.  At the hearing, Wrede referenced I.C. §§ 20-221[1] and 20-225[2] by summarizing the content of each statute.  Wrede told the court:

> The statute on cost of supervision specifically mentions that his probation or parole officer could reduce cost of supervision.  It doesn't mention the Court specifically.  However, the Court does have broad powers in regards to how probation will be run, cost, et cetera, in that respect, so we'd ask that the Court consider reducing and/or dismissing costs if you choose not to grant Mr. Wrede's motion [to terminate his probation].

These statements sufficiently reference the relevant statutes such that Wrede's argument is preserved for appeal.

Wrede argues the State waived any argument that the district court lacked authority to grant Wrede's motion because that basis was never argued in the district court.  It is true the State did not argue that the district court lacked the statutory authority to modify Wrede's cost of supervision fees.  However, this Court is not bound to apply erroneous legal theories, regardless of what was argued in the district court, or have "foisted upon it" an erroneous legal rule simply because the correct law was not provided to the district court.  *Hooley v. State*, ___ Idaho ___, ___ P.3d ___ (Oct. 27, 2023).  Moreover, the Idaho Supreme Court acknowledged an exception to the preservation requirement in *State v. Jeske*, 164 Idaho 862, 436 P.3d 689 (2019), such that "if the issue was argued to, or decided by, the district court it can form the basis for review by this Court." *Jeske*, 164 Idaho at 868, 436 P.3d at 689.  Here, the issue squarely presented to, and ruled on by the district court, was whether I.C. § 20-221 provided the district court with the authority to reduce or waive the cost of supervision fees set forth in I.C. § 20-225.  Thus, the issue, which we freely review, is sufficiently preserved for our review.

Wrede argues that because the district court based its ruling on its belief that it lacked the authority to reduce the cost of supervision fees based on the procedural posture of the case, the district court failed to perceive the issue as one of discretion.  Further, Wrede argues that, notwithstanding the language of I.C. § 20-225, "nothing in that statute overrides a district court's

---

[1]    Idaho Code § 20-221(1) provides that a "court may impose and may at any time modify any terms or conditions of probation or suspension of sentence."

[2]    Idaho Code § 20-225 states that "any person under state probation or parole supervision shall be required to contribute not more than seventy-five ($75.00) per month as determined by the board of correction," and "the division of probation and parole in the department of correction may exempt a person from the payment of all or any part of the foregoing contribution if it finds any of the following factors to exist."

concurrent authority to modify the terms of a probationer's probation." According to Wrede, that concurrent authority comes from I.C. § 20-221(2), which he claims explicitly authorizes the district court to "at any time modify any terms or conditions of probation or suspension of sentence." The State argues the language in I.C. § 20-225 makes clear that the payment of probation supervision fees is mandatory and the additional language in the statute is unambiguous about which entity has the authority to modify the amount of cost of supervision fees.

In denying Wrede's motion, the district court stated:

I'm simply not willing to order probation to reduce their cost of supervision. As I understand the statute, they have the ability to make modifications to those. What I am willing to do, I guess, and, [defense counsel], if you're willing to draft it is to draft a short one-paragraph recommendation to the Department that they-- recommending that the Department take into consideration the cost of supervision that Mr. Wrede is paying through his federal supervised release and the facts and circumstances of his financial situation and just simply cite the statute and that the Court is recommending and asking them to consider a reduction of his costs of supervision, but making it clear I'm not ordering them to do anything in that regard. So whatever--kind of for whatever it's worth I'll weigh in and recommend that they consider that if they haven't already, and if they feel it's appropriate they can do so. If they're not willing to do that then I'm not going to intervene and micromanage how they feel like they need to do things.

From the context, it is clear that the district court's reference to the "statute" was to the statute on cost of supervision, I.C. § 20-225. The reference to "they" refers to IDOC, and the reference to "those" is the cost of supervision fee. Thus, we must decide whether the relevant statutes provide the district court with the authority to modify or reduce the cost of supervision.

Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. The purpose of statutory interpretation is to give effect to legislative intent. *In Re Ord. Certifying Question to Idaho Supreme Ct.*, 167 Idaho 280, 283, 469 P.3d 608, 611 (2020). Interpreting a statute "must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole." *Id.* (quoting *State, ex rel. Wasden v. Maybee*, 148 Idaho 520, 528, 224 P.3d 1109, 1117

4

(2010)). When the statutory language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and the Court need not consider rules of statutory construction. *Reclaim Idaho v. Denney*, 169 Idaho 406, 427, 497 P.3d 160, 181 (2021) (quoting *In Re Doe*, 168 Idaho 511, 516, 484 P.3d 195, 200 (2021)). An ambiguous statutory or constitutional provision is one where reasonable construction of the language can result in more than one meaning. *Reclaim Idaho*, 169 Idaho at 427, 497 P.3d at 181. In that instance, this Court must engage in statutory construction in order to determine and give effect to the legislative intent. *Id.*

To give effect to legislative intent, statutes are construed together *in pari materia. In Re Ord. Certifying Question to Idaho Supreme Ct.*, 167 Idaho at 283, 469 P.3d at 611. Statutes are *in pari materia* when they relate to the same subject. *Id.* (quoting *St. Alphonsus Reg'l Med. Ctr. v. Elmore Cnty.*, 158 Idaho 648, 652, 350 P.3d 1025, 1029 (2015)). Such statutes are "taken together and construed as one system." *In Re Ord. Certifying Question to Idaho Supreme Ct.*, 167 Idaho at 283, 469 P.3d at 611. "It is to be inferred that a code of statutes relating to one subject was governed by one spirit and policy, and was intended to be consistent and harmonious in its several parts and provisions." *Id.* Language in a particular statutory section need not be viewed in a vacuum; all sections of applicable statutes must be construed together to determine legislative intent. *Maybee*, 148 Idaho at 528, 224 P.3d at 1117.

To answer the question in this case, we begin by looking at the literal words of the statutes and using their plain, usual, and ordinary meaning. There are two statutes relevant to whether a district court has authority to waive or reduce a state probationer's cost of supervision--I.C. §§ 20-221 and 20-225. Idaho Code § 20-225 states that a state probationer shall pay the cost of supervision and that IDOC has the authority to determine the amount of cost of supervision fees and later modify the amount. On the other hand, pursuant to I.C. § 20-221(1), a district court has the discretion to modify any term or condition of probation. *State v. Gibbs*, 162 Idaho 782, 787-88, 405 P.3d 567, 572-73 (2017). Because I.C. §§ 20-221 and 20-225 both arguably deal with the cost of supervision fee as a term of probation, we will construe the statutes together to determine the legislative intent.

The statutes are both located in Title 20, which covers Idaho state prisons and county jails. When two statutes deal with the same subject matter, the more specific will prevail. *State v. Wilson*, 107 Idaho 506, 508, 690 P.2d 1338, 1340 (1984). While I.C. § 20-221 addresses the

general authority of a court to modify the terms and conditions of probation, I.C. § 20-225 deals more specifically with the cost of supervision and provides IDOC with the exclusive authority to determine or modify the cost of supervision.

Idaho Code § 20-225 provides that any person on probation or parole "shall be required to contribute not more than seventy-five dollars ($75.00) per month as determined by the board of correction." When used in a statute, the word "shall" is mandatory, not permissive. *Rife v. Long*, 127 Idaho 841, 848, 908 P.2d 143, 150 (1995). Additionally, IDOC is mentioned twice in the statute: first as the entity that determines the amount of cost of supervision fees; and second, as the entity that "may exempt a person from the payment of all or any part of the foregoing contribution if it finds any of the [enumerated] factors to exist." I.C. § 20-225. Thus, the district court could not waive Wrede's cost of supervision fees because to do so would be to ignore the mandatory requirement for payment in I.C. § 20-225 and the purpose of construing statutes is to give effect to the language of the statutes.

While the district court may share concurrent jurisdiction over a felony probationer, and pursuant to I.C. § 20-221 may have the statutory authority to generally modify a term or condition of probation, as to the very specific term of probation for the cost of supervision fees, the more specific statute is I.C. § 20-225. Because I.C. § 20-225 gives IDOC the sole authority to determine the cost of supervision and to later modify or exempt probationers from the cost of supervision fees as it deems appropriate, I.C. § 20-225 provides a limit on the district court's statutory authority as it applies to the cost of supervision fee.

Moreover, the Legislature declined to provide the judiciary with any statutory authority to determine or modify the cost of supervision for felony probationers, despite doing so for misdemeanor probationers. For misdemeanor probationers, the Legislature granted an administrative judge the authority to waive a cost of supervision fee. Idaho Code § 31-3201D(1) states:

> Any person under a supervised probation program for a misdemeanor offense shall be required to pay an amount not more than the maximum monthly felony probation or parole supervision fee set forth in section 20-225, Idaho Code, per month, or such lesser sum as *determined by the administrative judge of the judicial district* as a misdemeanor probation supervision fee.

(Emphasis added.) Thus, the Legislature gave authority to the judiciary to set fees for misdemeanor probationers but chose not to do so with regards to felony probationers.

6

Here, the Legislature specifically gave exclusive statutory authority to IDOC to determine or modify the cost of supervision by identifying IDOC in the statute and explicitly omitting the judiciary as having concurrent authority on this narrow term of probation. *Expressio unius est exclusio alterius* is a recognized rule of statutory interpretation "meaning that the specific mention of certain things implies the exclusion of all others." *State v. Acuna*, 154 Idaho 139, 142, 294 P.3d 1151, 1154 (Ct. App. 2013). Here, the exclusive mention of IDOC in I.C. § 20-225 necessarily excludes the judiciary from the statute and similarly excludes the judiciary from modifying the cost of supervision fees. Thus, the only entity that has the authority to reduce or waive Wrede's cost of supervision fee is IDOC. Consequently, the district court did not have the statutory authority to grant Wrede's motion and, therefore, the court correctly denied the motion.

Wrede's alternative argument is that because the district court has broad powers to modify the terms of probation under I.C. § 20-221(2), it was an abuse of discretion to "punt" the issue to IDOC. We disagree. The district court did not "punt" the issue to IDOC because the district court did not have the statutory authority to grant Wrede's motion; only IDOC could do so. IDOC's authority is derived from Article X, section 5 of the Idaho Constitution, which grants the Board control over the state's penitentiaries and prisoners. That authority is further defined in statute, the result of which gives IDOC wide-ranging constitutional and statutory authority over the management and operation of Idaho's felony probationers. IDAHO CONST. art. X, § 5; *see also In Re Ord. Certifying Question to Idaho Supreme Ct.*, 167 Idaho at 284, 469 P.3d at 612. The judiciary has not been granted the same broad statutory authority over felony probationers. Consequently, while some of IDOC's jurisdiction over felony probationers is shared with the judiciary, the remaining authority, which includes the authority to modify the cost of supervision fee, is separate and exclusive to IDOC.

Finally, Wrede argues the district court abused its discretion in denying his motion to waive or reduce the cost of supervision because it was objectively unreasonable to deny the motion based on Wrede's indigency. Wrede's argument fails because the district court did not have authority to waive or reduce such fees, as discussed above. The district court did not abuse its discretion.

### III.

### CONCLUSION

The district court did not abuse its discretion; thus, we affirm the district court's order denying Wrede's motion to waive or reduce the cost of probation supervision fees.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.