# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51830

| | |
|---|---|
| STATE OF IDAHO, | ) |
| Plaintiff-Respondent, | ) Filed: April 30, 2026 |
| v. | ) Melanie Gagnepain, Clerk |
| MARK WAYNE WARNER, | ) THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |

Appeal from the District Court of the Third Judicial District, State of Idaho, Owyhee County. Hon. Randall S. Grove and Hon. Thomas W. Whitney, District Judges.

Amended order relinquishing jurisdiction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Michael MacEgan, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Chief Judge

Mark Wayne Warner appeals from the district court's amended order relinquishing jurisdiction. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Warner with involuntary manslaughter, aggravated battery, aggravated assault and malicious injury to property and alleged that he is a persistent violator of the law. Pursuant to an Idaho Criminal Rule 11 plea agreement, Warner agreed to plead guilty to aggravated battery (Idaho Code § 18-907) and aggravated assault (I.C. § 18-905) and to admit to being a persistent violator of the law (I.C. § 19-2514). In exchange for his guilty pleas, the State agreed to dismiss the remaining charges and for Warner to be bound by a life sentence (with five years determinate) subject to a period of retained jurisdiction (rider) followed by probation if he

1

"successfully complete[d]" his rider. The plea agreement did not define successful completion of the rider. At sentencing, the district court accepted the binding I.C.R. 11 plea agreement and imposed concurrent unified sentences of life in prison, with minimum periods of confinement of five years, and retained jurisdiction. The Idaho Department of Correction (IDOC) later filed an addendum to Warner's presentence investigation report (APSI), recommending the district court consider placing Warner on probation.

After Warner completed the rider program during the period of retained jurisdiction, the district court held a review hearing. After considering the IDOC's recommendation and the factors set forth in I.C. § 19-2521, the district court relinquished jurisdiction. Warner did not file a direct appeal from the order relinquishing jurisdiction; however, Warner filed a post-conviction action, asking the district court (in part) to reinstate his right to appeal from the order relinquishing jurisdiction. After concluding that Warner was denied the effective assistance of counsel as a result of trial counsel's failure to file a direct appeal, the district court entered an amended order relinquishing jurisdiction. Warner timely appeals from the amended order relinquishing jurisdiction.

## II.

### STANDARD OF REVIEW

Whether a plea agreement has been breached is a question of law to be reviewed by this Court de novo, in accordance with contract law standards. *State v. Jafek*, 141 Idaho 71, 73, 106 P.3d 397, 399 (2005). As with other types of contracts, "the interpretation of a plea agreement and its legal effect are questions of law to be decided by the Court if the terms are clear and unambiguous." *State v. Lutes*, 141 Idaho 911, 914, 120 P.3d 299, 302 (Ct. App. 2005). The determination that a plea agreement is ambiguous is a question of law; however, interpretation of an ambiguous term is a question of fact. *State v. Peterson*, 148 Idaho 593, 595, 226 P.3d 535, 537 (2010). A trial court's factual determinations shall not be set aside on review unless they are clearly erroneous. *Id.*

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

2

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

### A. Breach of Plea Agreement

Warner contends the district court breached the binding plea agreement by not placing him on probation following his rider. More specifically, Warner asserts the breach occurred when the district court relinquished jurisdiction rather than placing him on probation because, he argues, pursuant to the terms of the binding plea agreement, the IDOC's recommendation for probation constituted successful completion of his rider. The State responds, and Warner concedes, that the claimed breach must be evaluated under the fundamental error framework because the issue is not preserved. Under this framework, the State argues that Warner has failed to meet his burden of showing fundamental error. We hold that Warner has failed to show a constitutional violation entitling him to relief under the fundamental error doctrine.

In order to obtain relief under the fundamental error doctrine, the defendant must demonstrate three things. First, the defendant must show that one or more of the defendant's unwaived constitutional rights were violated. *State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019). Second, the error must be clear and obvious, meaning the record must demonstrate evidence of the error and evidence as to whether or not trial counsel made a tactical decision in failing to object. *Id*. Third, the defendant must demonstrate that the error affected the defendant's substantial rights, which means the error identified in the first and second prongs of the test actually affected the outcome of the trial. *Id.* at 119-20, 443 P.3d at 133-34. Warner's claim fails under the first prong of the fundamental error analysis.

Warner argues that the district court violated the I.C.R. 11 binding plea agreement because the IDOC's probation recommendation demonstrated he successfully completed his rider, which in turn obligated the district court to place him on probation. We disagree.

3

When a trial court accepts a plea agreement, it agrees to be "bound by the terms of the plea agreement in the final disposition of the case." I.C.R. 11(f)(3). When a plea agreement makes a particular disposition contingent upon a specified event, the provision operates as a condition precedent. A condition precedent is an event that must occur before performance under a contract becomes due. *Med. Recovery Servs., LLC v. Melanese*, 175 Idaho 81, 90, 562 P.3d 182, 191 (2024). Both the express and implied terms of the plea agreement must be considered by the trial court. *Lutes*, 141 Idaho at 914, 120 P.3d at 302. When a district court agrees to a plea agreement calling for retained jurisdiction, absent evidence to the contrary, the only implied term that can reasonably be inferred is that the district court will give genuine consideration to the Department of Correction's recommendation made at the conclusion of the retained jurisdiction period. *Id.* at 915, 120 P.3d at 303. The district court was not bound to place Warner on probation simply because the IDOC recommended probation. *See State v. Coassolo*, 136 Idaho 138, 143, 30 P.3d 293, 298 (2001).

In this case, the binding I.C.R. 11 plea agreement provides--in relevant part--that, if Warner successfully completed his rider, the district court would place him on supervised probation. The plea agreement did not define "successfully complete[d]" nor did it require the district court to adopt the IDOC's recommendation as binding. Thus, the plea agreement allowed the district court to exercise discretion to determine whether Warner had successfully completed the rider, including consideration of his conduct during the rider and the information contained in the APSI. If Warner wanted to define "successfully complete[d]" in this way or otherwise make the IDOC's recommendation binding, he could have bargained for such a term as part of his plea agreement, but he did not. Moreover, Warner's alleged violation of what, at best, amounts to an ambiguous contract term does not implicate any constitutional right. *Cf. Puckett v. United States*, 556 U.S. 129, 137 (2009) (holding "there is nothing to support the proposition that the Government's breach of a plea agreement retroactively causes the defendant's agreement to have been unknowing or involuntary"). Thus, it was within the district court's discretion under the terms of the plea agreement to relinquish jurisdiction if, in its assessment, Warner did not successfully complete his

rider. Accordingly, Warner has not established a violation of an unwaived constitutional right, and his claim therefore fails under the first prong of the fundamental error analysis.[1]

## B.    Relinquishment of Jurisdiction

Warner argues that, even if the district court did not breach the plea agreement by not placing him on probation, the district court abused its discretion by failing to do so. The State responds that Warner has failed to show the district court abused its sentencing discretion. We hold the district court properly considered the information before it and determined that probation was not appropriate.

In deciding whether to grant probation or to relinquish jurisdiction, the district court considered the submitted sentencing materials and arguments. The district court discussed Warner's Class B disciplinary offense of obtaining a tattoo during his rider, noting that it was "an extremely serious disciplinary offense in the rider program." In the district court's view, this offense demonstrated Warner's "outright open defiance of authority," which "undermine[d] the integrity" of the rider, particularly since the tattoo was obtained approximately five months after sentencing.

The record establishes the district court correctly perceived the issue as one of discretion, acted within the boundaries of that discretion, applied the correct legal standards, and reached its decision by an exercise of reason. Therefore, we hold that Warner has failed to show that the district court abused its discretion in relinquishing jurisdiction.

## IV.

## CONCLUSION

Warner has failed to show that the district court erred in concluding that he had not successfully completed the rider or that the district court abused its discretion in relinquishing jurisdiction. We therefore affirm the district court's amended order relinquishing jurisdiction.

Judge LORELLO and Judge Pro Tem MELANSON, **CONCUR**.

---

[1]    Because Warner has not established a violation of an unwaived constitutional right, we need not address the remaining two prongs of the fundamental error analysis.