## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 38889

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, January 2012 Term |
| | ) | |
| v. | ) | 2012 Opinion No. 42 |
| | ) | |
| ABELARDO DOMINGUEZ GOMEZ, | ) | Filed: March 2, 2012 |
| | ) | |
| Defendant-Appellant. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

District court sentence and restitution order, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant. Dennis Benjamin argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Kenneth K. Jorgensen, Deputy Attorney General argued.

_____

BURDICK, Chief Justice

This case arises out of a petition of review from the Court of Appeals on an appeal of the sentence and restitution order imposed following a guilty plea. In 2008, Abelardo Gomez (Gomez) was arrested and charged with one count of conspiracy to traffic in cocaine and eleven counts of trafficking in cocaine. In a plea agreement reached with the State, Gomez agreed to plead guilty to three counts in exchange for an eight year fixed sentence. At sentencing, the district court also imposed a twenty-five year indeterminate sentence and a restitution order totaling $129,534.97. Gomez argues that the imposed sentence is excessive, and that the restitution order is a violation of the plea agreement since it was not contemplated in the agreement.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

On April 11, 2008, Gomez was indicted by a grand jury for one count of conspiracy to traffic in cocaine and eleven counts of trafficking in cocaine. The indictment resulted from a lengthy investigation by the Nampa and Boise police departments that included a series of controlled drug buys.

At a status conference on January 6, 2009, Gomez and the State informed the district court that a plea deal had been reached, and that a date should be set for a change of plea. On January 13, 2009, the district court held the change of plea hearing. The conditional plea agreement called for a sentence of eight years fixed, with an open indeterminate sentence to be argued before the court, in exchange for Gomez pleading guilty to three felonies.[1] A guilty plea advisory form was also filed on the same day, which outlined Gomez's rights and the potential consequences of his agreement to plead guilty.[2]

The district court, after receipt of the presentence report, completed sentencing at a hearing conducted on March 16, 2009. At the hearing, the State indicated that they would be entering a restitution order, a statement that drew no objection from Gomez. The district court then informed Gomez that he had a forty-two day window to request a restitution hearing to dispute the restitution amount. The district court also sentenced Gomez to a total of twenty-five years, eight years determinate, and a $15,000 fine for each of the three charges.

After receiving the necessary documentation from the State, the district court entered a restitution order pursuant to I.C. § 37-2732(k) that ordered Gomez to pay the costs incurred by law enforcement agencies during their investigation of Gomez's drug trafficking. The State asked for and received $129,534.97 in restitution for work conducted by the Drug Enforcement Administration, the Boise Police Department, and the Nampa Police Department. There is no indication in the record that Gomez either asked for a restitution hearing or otherwise disputed these figures before the district court.

---

[1] The plea agreement was conditional in that Gomez reserved the right to appeal the indeterminate sentence imposed by the district court.

[2] In the guilty plea advisory, question 32 asks if the defendant is "pleading guilty to a crime for which you may be required to pay the costs of prosecution and investigation?" and cites I.C. § 37-2732A(K). Gomez answered "yes." Gomez argues that this is a non-existent statute, so it provided no notice of a specific penalty. Indeed, the advisory referenced the statute governing the sacramental use of peyote, I.C. § 37-2732A, which does not have a subpart (K). It is highly likely that the advisory attempted to reference I.C. § 37-2732(k), which gives courts the ability to order restitution upon the conviction of a felony or misdemeanor violation under Title 37, Chapter 27.

Gomez timely filed a notice of appeal and an amended notice of appeal, which was heard by the Court of Appeals. In a March 25, 2001 decision, the Court of Appeals vacated the restitution order, holding that the order breached the plea agreement since the written agreement did not mention the issue of restitution. The State then timely filed a petition for review, which this Court granted.

## II. STANDARD OF REVIEW

"When reviewing a decision by the Court of Appeals, this Court directly reviews the decision of the district court giving serious consideration to the intermediate appellate decision." *State v. Arthur*, 145 Idaho 219, 221–22, 177 P.3d 966, 968–69 (2008).

> When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. Whether a plea agreement has been breached is a question of law to be reviewed by this Court *de novo,* in accordance with contract law standards.

*State v. Peterson*, 148 Idaho 593, 595, 226 P.3d 535, 537 (2010) (internal quotations omitted).

## III. ANALYSIS

**A. The district court did not err by imposing restitution because Gomez was not advised of the possibility of restitution prior to entry of his guilty plea.**

Gomez argues that restitution cannot be imposed unless it is included in the plea agreement, and that the issuance of the restitution order constituted a breach of his plea agreement with the State. The State argues that Gomez failed to preserve this claim for appeal because he did not object to the restitution order during the proceedings.

Generally, this Court is precluded from addressing issues not raised below and raised for the first time on appeal. *State v. Jafek*, 141 Idaho 71, 74, 106 P.3d 397, 400 (2005). "However, '[i]n the case of fundamental error in a criminal case the Supreme Court may consider the same even though no objection ha[s] been made at . . . trial.'" *Id*. at 74, 106 P.3d at 400 (quoting *State v. Haggard,* 94 Idaho 249, 251, 486 P.2d 260, 262 (1971)). "As set forth in this Court's decision in *Perry,* an asserted error in a criminal trial raised for the first time on appeal is still reviewable under the fundamental error analysis even if it may have been 'forfeited' below." *State v. Peregrina*, 151 Idaho 538, __, 261 P.3d 815, 819 (2011) (citing *State v. Perry*, 150 Idaho 209, 225, 245 P.3d 961, 977 (2010)).

3

1. *Perry* Analysis.

In *State v. Perry*, this Court articulated the test for the appealibility of an unobjected-to issue in a criminal proceeding.[3] 150 Idaho 209, 245 P.3d 961 (2010). Where an error has occurred at trial and was not followed by a contemporaneous objection, such error shall only be reviewed where the defendant demonstrates to an appellate court three main elements. *Id.* at 226, 245 P.3d at 978.

> Therefore, after careful and considered analysis, we hold that in cases of unobjected to fundamental error: (1) the defendant must demonstrate that one or more of the defendants unwaived constitutional rights were violated; (2) the error must be clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision; and (3) the defendant must demonstrate that the error affected the defendant's substantial rights, meaning (in most instances) that it must have affected the outcome of the trial proceedings. If there is insufficient evidence in the appellate record to show clear error, the matter would be better handled in post-conviction proceedings. Placing the burden of demonstrating harm on the defendant will encourage the making of timely objections that could result in the error being prevented or the harm being alleviated.

*Id.*

Here, the alleged error occurred during the proceedings that followed a guilty plea. Under *Perry*, the three part test for unobjected-to fundamental error applies to such criminal proceedings. All three elements of the standard articulated in *Perry* must be satisfied for Gomez's claim to be appealable to this Court.

a. Whether one of Gomez's unwaived constitutional rights was violated.

The first step in the *Perry* analysis is a determination of whether any of the defendant's unwaived constitutional rights were violated. Gomez argues that a breach of the plea agreement violates his constitutional rights.

> Although the analogy may not hold in all respects, plea bargains are essentially contracts. When the consideration for a contract fails-that is, when one of the exchanged promises is not kept-we do not say that the voluntary bilateral consent to the contract never existed, so that it is automatically and utterly void; we say that the contract was broken.

---

[3] In his reply brief, Gomez argues that *Perry* does not apply and cites an earlier version of the opinion in support of his argument: "*Perry's* statement that 'this restatement shall not be given retroactive application' precludes the restatement's application to Mr. Gomez's case." However, after Gomez submitted his reply brief, a substitute opinion was filed in *Perry* that did not contain the cited phrases, but rather language applying the standard to all cases not yet final on direct review. 150 Idaho at 228, 245 P.3d at 980.

4

*Puckett v. U.S.*, 556 U.S. 129, 137 (2009) (internal citation omitted). We adopt this reasoning from *Puckett* and apply it to our analysis of Gomez's claim.

"Because a claim that the State breached a plea agreement affects whether the agreement was knowingly or voluntarily entered, it 'goes to the foundation or basis of a defendant's rights.'" *Jafek*, 141 Idaho at 74, 106 P.3d at 400 (quoting *State v. Knowlton,* 123 Idaho 916, 918, 854 P.2d 259, 261 (1993)). If the State breached the plea agreement, the breach would go to the foundation of Gomez's rights; therefore it must be determined whether there was a breach.

        b.   <u>Whether any error was clear or obvious.</u>

The second element of the *Perry* analysis requires that "error must be clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision." *Perry*, 150 Idaho at 226, 245 P.3d at 978. Here, Gomez claims that the State breached the plea agreement when it sought restitution, and that this breach constitutes clear and obvious error.

        *i.   Whether the restitution order breached the plea agreement.*

Since Gomez claims the agreement was breached, he has the burden of proving that breach. "The burden of proving the existence of a contract and the fact of its breach is upon the plaintiff." *Peterson*, 148 Idaho at 595, 226 P.3d at 537 (quoting *O'Dell v. Basabe,* 119 Idaho 796, 813, 810 P.2d 1082, 1099 (1991)). However, "[i]n determining whether the State has breached a plea agreement a court must examine the language of the plea agreement, and where the language of that plea agreement is ambiguous, those ambiguities shall be resolved in favor of the defendant." *Id*. "The determination of whether a contract is ambiguous or not is a question of law over which we may exercise free review, and in determining whether a contract is ambiguous, our task is to ascertain whether the contract is reasonably subject to conflicting interpretation." *Bondy v. Levy*, 121 Idaho 993, 997, 829 P.2d 1342, 1346 (1992) (internal citations omitted). "If a written contract is complete upon its face and unambiguous . . . extrinsic evidence of prior or contemporaneous negotiations or conversations is not admissible to contradict, vary, alter, add to, or detract from the terms of the contract. *In re Univ. Place/Idaho Water Ctr. Project*, 146 Idaho 527, 536, 199 P.3d 102, 111 (2008) (quoting *Howard v. Perry,* 141 Idaho 139, 141–42, 106 P.3d 465, 467–68 (2005)). If the language of the document is unambiguous, given its ordinary and well-understood meaning, we will not look beyond the four corners of the agreement to determine the intent of the parties. *See Beus v. Beus*, 151 Idaho 235,

__, 254 P.3d 1231, 1237 (2011) (dealing with the interpretation of a will and the intent of the testator).

Gomez argues that he reasonably understood the plea agreement to not include any restitution, since the written agreement makes no mention of restitution. The written plea agreement contained eight clauses, several of which are pertinent to this analysis:

> 1. The defendant, Abelardo Gomez, Jr., will enter a plea of guilty to: Count I as amended and Counts VI and VII, with the remaining charges to be dismissed.
> 2. No additional State or Federal charges will be brought against the defendant.
> 3. That all parties hereto agree the ***appropriate sentence*** to be imposed upon the defendant is a sentence of eight (8) years, fixed, with an open indeterminate sentence (to be argued by both sides) to run concurrent with each other as well as with the defendant's prior felony, currently in probation violation status.
> . . .
> 6. The parties agree to be bound by the terms set forth above.

(emphasis added).

A plain reading of the written plea agreement shows that restitution is not explicitly mentioned.

Gomez further argues that this case is analogous to this Court's decision in *State v. Peterson*. 148 Idaho 593, 226 P.3d 535 (2010). In *Peterson*, the defendant was convicted of a crime that, to his understanding, had been resolved by his plea agreement with the State. 148 Idaho at 595, 226 P.3d at 537. At the plea hearing in question, Peterson's counsel recited the terms of the agreement as they understood it, and offered a clarifying statement, neither of which drew an objection from the state. *Id*. at 597, 226 P.3d at 539. Through an analysis of the facts, this Court held that the record supported Peterson's understanding of the plea agreement. *Id*. However, the circumstances in *Peterson* are distinguishable from those currently before this Court. Here, there is no ambiguity in regards to the content of the plea agreement, so *Peterson* is not controlling.

Restitution may be ordered by the district court under I.C. § 37-2732(k) once a defendant is convicted of, or pleads guilty to, a crime under Title 37, Chapter 27 of the Idaho Code. Idaho Code section 37-2732(k) states that:

> Upon conviction of a felony or misdemeanor violation under this chapter . . . the court may order restitution for costs incurred by law enforcement agencies in investigating the violation. . . . A conviction for the purposes of this section means

6

that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment(s) or withheld judgment(s).

Gomez pleaded guilty to crimes under I.C. §§ 37-2732B(a)(2) and 37-2732B(b), so the restitution provision is clearly applicable to his crimes. Since I.C. § 37-2732(k) is short on specific guidance regarding the nature of a restitution award or the procedure to obtain such an award, we find guidance in the general restitution statute, I.C. § 19-5304. Under I.C. § 19-5304, trial courts have the power to order restitution in "a separate written order in addition to any other sentence the court may impose . . . ." I.C. § 19-5304(2). The general restitution statute provides "that the court in a criminal case can enter what is, in essence, a civil judgment for restitution against the defendant." *State v. McCool*, 139 Idaho 804, 806, 87 P.3d 291, 293 (2004). Unlike criminal sentences, "[a]fter forty-two (42) days from the entry of the order of restitution or at the conclusion of a hearing to reconsider an order of restitution, whichever occurs later, an order of restitution may be recorded as a judgment and the victim may execute as provided by law for civil judgments." I.C. § 19-5305. As applied here, the district court entered an order for restitution that was separate and apart from the sentence imposed on Gomez.

The plea agreement contemplated the criminal sentence only. Gomez pleaded guilty to two counts of Trafficking in Cocaine under I.C. § 37-2732B(a)(2), which carry a per count maximum of life imprisonment and $100,000 fine, and a per count minimum of five years fixed imprisonment and a $15,000 fine. Gomez also pleaded guilty to Conspiracy to Traffic in Cocaine under I.C. § 37-2732B(b), which is punishable as if he had actually committed the prohibited act of Trafficking in Cocaine. I.C. § 37-2732B(b). Restitution is not mentioned in the sentencing portion of the statute. Additionally, there was no mention of restitution in the plea agreement, so the contract is silent as to the costs of investigation or whether restitution will be sought. The parties could have included restitution in the written plea agreement if they wanted the agreement to contemplate the issue. When viewing the document within its four corners, the restitution order did not breach the contract as the issue was not contemplated in the plea agreement. Since the contract is clear and unambiguous, it is unnecessary for this Court to analyze any extrinsic evidence or to look at the intent of the parties. As there was no clear or obvious error, Gomez's claim fails to satisfy the second element of the analysis articulated in *Perry*. It is unnecessary for this Court to analyze the third component of whether any error affected the outcome of the trial proceedings.

## IV. CONCLUSION

We find that Gomez did not meet the *Perry* standard for the reviewability of non-objected to errors, since there was no clear or obvious error at the trial level. This Court will not address the issue of whether Gomez's sentence is excessive, as the argument was withdrawn. The district court order is affirmed.

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**