**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42628**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 17** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 1, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JAMIE LEE NELSON, aka RINEHART,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order awarding restitution, vacated.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant. Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

_____

GUTIERREZ, Judge

Jamie Lee Nelson appeals from the district court's order awarding restitution. Specifically, Nelson argues the restitution statute is unconstitutional as applied to her because it punishes Nelson for exercising her right to a jury trial. Nelson additionally maintains the restitution award upon remand constitutes vindictive sentencing. Lastly, Nelson contends there was insufficient evidence to support the restitution award. For the reasons discussed below, we vacate the district court's order awarding restitution.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Nelson with possession of a controlled substance, possession of drug paraphernalia, and three counts of injury to child. Two of the counts of injury to child were dismissed at the preliminary hearing, and thereafter a jury acquitted Nelson of the third charge.

1

The jury, however, found Nelson guilty of possession of a controlled substance and possession of drug paraphernalia.

At Nelson's sentencing hearing, the prosecutor orally requested restitution pursuant to Idaho Code § 37-2732(k). The prosecutor specifically requested $4,746 for prosecution costs-- reimbursement for thirty-nine hours of time spent prosecuting. Additionally, the prosecutor requested $100 for drug testing.

The district court awarded restitution pursuant to Idaho Code § 37-2732(k). The total restitution amount was $2,535, which Nelson was held jointly and severally liable to pay with her co-defendant. Nelson appealed the award, arguing that it was unsupported by substantial evidence. This Court remanded the case for a restitution hearing because we concluded that the restitution award was not supported by *any* evidence. *State v. Nelson*, Docket No. 40493 (Ct. App. Feb. 21, 2014) (unpublished). Upon remand, the district court held a restitution hearing. The State submitted a "Statement of Costs and Request for Restitution in a Drug Case," as well as a "Motion for Restitution Closing Argument." Both documents requested reimbursement for 33.9 hours at an attorney rate of $140 per hour. Ultimately, the district court awarded $4,746 in restitution for prosecution costs and $100 for drug testing. Nelson appeals and requests that this Court vacate the restitution award pertaining to prosecution costs.[1]

## II.

## ANALYSIS

Nelson makes three arguments on appeal. First, Nelson contends the restitution award is unconstitutional as applied to her because it punishes her for exercising her right to a jury trial. Next, Nelson maintains that imposing an increased restitution after a successful challenge to restitution on appeal constitutes vindictive sentencing. Lastly, Nelson argues the restitution award was unsupported by sufficient evidence. Because the sufficiency of the evidence argument is dispositive, we need not address Nelson's constitutional or vindictive sentencing arguments.

Restitution may be ordered by the district court under Idaho Code § 37-2732(k) once a defendant is convicted of a crime under the Uniform Controlled Substances Act, Title 37,

---

[1] Nelson does not contest the drug testing fee.

2

Chapter 27 of the Idaho Code. *State v. Gomez*, 153 Idaho 253, 257-58, 281 P.3d 90, 94-95 (2012). Idaho Code § 37-2732(k) provides, in pertinent part:

> Upon conviction of a felony or misdemeanor violation under this chapter . . . the court may order restitution for costs incurred by law enforcement agencies in investigating the violation. Law enforcement agencies shall include, but not be limited to . . . county and city prosecuting attorney offices. Costs shall include, but not be limited to . . . any other investigative or prosecution expenses actually incurred, including regular salaries of employees. . . . A conviction for the purposes of this section means that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment(s) or withheld judgment(s).

Because I.C. § 37-2732(k) provides little, if any, guidance regarding the nature of a restitution award or the procedure to obtain such an award, we are guided by the general restitution statute, I.C. § 19-5304. *Gomez*, 153 Idaho at 258, 281 P.3d at 95; *State v. Mosqueda*, 150 Idaho 830, 833-34, 252 P.3d 563, 566-67 (Ct. App. 2010).

Whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). To meet the second and third requirements of the multi-tiered inquiry outlined above, the trial court must base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6). The determination of the amount of restitution is a question of fact for the trial court, whose findings will not be disturbed if supported by substantial evidence. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013).

In support of the restitution request, the State submitted an exhibit of a form (formally titled "Statement of Costs and Request for Restitution in a Drug Case") that included an attorney rate of $140 per hour prosecuting Nelson's case.[2]  Additionally, the State filed a "Motion for Restitution Closing Argument," which read that "one hundred-forty ($140) dollars per hour is a reasonable rate for the Boise legal community and is the rate Ada County charges in other criminal prosecution contexts, namely cases related to the penitentiary, and in fact is the rate Ada County charges to all of its outside clients."  But mere declarations that the prosecutor's attorney rate is $140, such fee is reasonable, and $140 is the rate that Ada County typically charges, do not amount to substantial evidence to support the district court's restitution award.

In fact, the district court lacked any evidence to support its restitution award.  In this case prior to the first appeal, the prosecutor provided only an unsworn oral representation as to the amount of the costs and hours spent prosecuting.  Specifically, the State sought $4,746 in prosecution costs, which "accounts for approximately 39 hours of prosecution attorney time."  We held that the district court entered the restitution award without any evidence and remanded the case for an evidentiary hearing.  Upon remand, the State essentially offered the very same "evidence" it offered in the initial case--an unsworn, written statement setting forth the same calculation, a decreased number of hours spent on the case, and a rate of pay.

In a general sense, "evidence" is something (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact.  BLACK'S LAW DICTIONARY 595 (8th ed. 2004).  The district court's restitution decision and our review, however, must be based upon substantial and competent evidence in the record.  Unsworn oral or written representations, even those of an officer of the court, are not evidence.  *See Zepeda v.*

---

[2]     The entirety of the written and unsworn statement reads:

> I . . . Deputy Prosecuting Attorney for the State of Idaho, County of Ada, am aware that the Ada County Prosecutor's Office keeps records regarding the attorney time spent prosecuting drug cases in anticipation of submitting a request for restitution pursuant to I.C. § 37-2732(k).  I have reviewed the time log in this case, which documents the prosecutor time spent prosecuting the above reference drug case.  The Ada County Prosecutor's Office spent a minimum of 33.9 attorney hours, at an attorney rate of $140 per hour prosecuting this case, not including preparation and argument for the sentencing hearing.  Pursuant to Idaho Code § 37-2732(k), the State requests restitution in the amount of $4,746.00.

4

*State*, 152 Idaho 710, 716, 274 P.3d 11, 17 (Ct. App. 2012); *State v. Gerardo*, 147 Idaho 22, 26, 205 P.3d 671, 675 (Ct. App. 2009). While the State's Statement of Costs and Request for Restitution in a Drug Case and Motion for Restitution Closing Argument were signed, they were unsworn, and therefore do not constitute evidence. The very purpose of an evidentiary hearing is to present evidence. Since the State here failed to present evidence, there can be no award of restitution. Thus, the district court abused its discretion in awarding restitution.

The State requests a remand. However, the State has already had an additional opportunity to provide substantial and competent evidence as support for the restitution award. The State failed to provide any evidence. Accordingly, we decline the invitation to remand the case. We instead vacate the restitution award. *State v. McNeil*, 158 Idaho 280, 286 346 P.3d 297, 303 (Ct. App. 2014) (vacating a restitution award because the State did not provide sufficient evidence).

### III.

### CONCLUSION

The district court erred in awarding restitution in the absence of evidence to support the award. The restitution award is therefore vacated.

Judge GRATTON and Judge HUSKEY **CONCUR**.