**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42585**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 408** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 1, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JEREMY YORK CUNNINGHAM,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order awarding restitution, vacated.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Jeremy York Cunningham appeals from the district court's order awarding restitution. Specifically, Cunningham argues the district court abused its discretion in awarding restitution for the costs of prosecution because the State's request was unsupported by substantial evidence. For the reasons explained below, we vacate the district court's order awarding restitution.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury found Cunningham guilty of possession of a controlled substance. The State sought restitution for prosecution costs by filing a "Statement of Costs and Request for Restitution in a Drug Case," which read: "The Ada County Prosecutor's Office spent 16 attorney hours at an attorney rate of $140 per hour prosecuting this case, not including preparation and argument for the sentencing hearing." The district court held a hearing on the

1

matter and ultimately determined that the State, through its written statement, supported its restitution request with a preponderance of evidence.  Cunningham appeals.

## II.

## ANALYSIS

Restitution may be ordered by the district court under Idaho Code § 37-2732(k) once a defendant is convicted of a crime under the Uniform Controlled Substances Act, Title 37, Chapter 27 of the Idaho Code.  *State v. Gomez*, 153 Idaho 253, 257-58, 281 P.3d 90, 94-95 (2012).  Idaho Code § 37-2732(k) provides, in pertinent part:

> Upon conviction of a felony or misdemeanor violation under this chapter . . . the court may order restitution for costs incurred by law enforcement agencies in investigating the violation.  Law enforcement agencies shall include, but not be limited to . . . county and city prosecuting attorney offices.  Costs shall include, but not be limited to . . . any other investigative or prosecution expenses actually incurred, including regular salaries of employees . . . .  A conviction for the purposes of this section means that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment(s) or withheld judgment(s).

Because I.C. § 37-2732(k) provides little, if any, guidance regarding the nature of a restitution award or the procedure to obtain such an award, we are guided by the general restitution statute, I.C. § 19-5304.  *Gomez*, 153 Idaho at 258, 281 P.3d at 95; *State v. Mosqueda*, 150 Idaho 830, 833-34, 252 P.3d 563, 566-67 (Ct. App. 2010).

Whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss.  *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989).  Thus, we will not overturn an order of restitution unless an abuse of discretion is shown.  *Richmond*, 137 Idaho at 37, 43 P.3d at 796.  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason.  *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

To meet the second and third requirements of this analysis, the trial court must base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6). The determination of the amount of restitution is a question of fact for the trial court whose findings will not be disturbed if supported by substantial evidence. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013).

Cunningham asserts that the hourly rate provided by the State is not supported by sufficient evidence. He points to the fact that the State's Exhibit 1 merely stated that the prosecutor's office spent sixteen hours prosecuting the case, at an attorney rate of $140 per hour. Whether the State's Exhibit 1 constitutes evidence is dispositive.

Here, the district court lacked any evidence to support its restitution award. The State provided only an unsworn written statement as to the amount of costs and hours spent prosecuting.[1] In a general sense, "evidence" is something (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact. BLACK'S LAW DICTIONARY 595 (8th ed. 2004). The district court's restitution decision and our review, however, must be based upon substantial and competent evidence in the record. Unsworn oral or written representations, even those of an officer of the court, are not evidence. *See Zepeda v. State*, 152 Idaho 710, 716, 274 P.3d 11, 17 (Ct. App. 2012); *State v. Gerardo*, 147 Idaho 22, 26, 205 P.3d 671, 675 (Ct. App. 2009). While the State's Statement of Costs and Request for Restitution in a Drug Case was signed, it was unsworn, and therefore does not constitute

---

[1] The entirety of the unsworn accounting statement form reads:

> I . . . Deputy Prosecuting Attorney for State of Idaho, County of Ada, am aware that the Ada County Prosecutor's Office keeps records regarding the attorney time spent prosecuting drug cases in anticipation of submitting a request for restitution pursuant to I.C. § 37-2732(k). I have reviewed the time log in this case, which documents the prosecutor time spent prosecuting the above referenced drug case. The Ada County Prosecutor's Office spent 16 attorney hours at an attorney rate of $140 per hour prosecuting this case, not including preparation and argument for the sentencing hearing. Pursuant to Idaho Code § 37-2732(k), the State requests restitution in the amount of $2,240.

evidence.  Since the State failed to present evidence, there can be no award of restitution.  Thus, the district court erred in awarding restitution for prosecution costs.

## III.

## CONCLUSION

The district court erred in awarding restitution in the absence of evidence to support the award.  The restitution award is therefore vacated.

Judge GRATTON and Judge HUSKEY **CONCUR**.