IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43403

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 448 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 25, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| THOMAS CAMPBELL KELLEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy L. Hansen, District Judge.

Order awarding restitution, vacated and case remanded.

Bublitz Law, P.C.; Jessica B. Bublitz, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

Thomas Campbell Kelley appeals from the district court's order awarding restitution. Specifically, Kelley argues the restitution statute is unconstitutional because it deprives him of his right to due process, violates his right to present a defense, and violates his right to equal protection. He further argues the district court abused its discretion in awarding restitution because the district court did not act within the bounds of its discretion and did not properly apply the legal standards applicable to it. Kelley argues this is so because the district court did not properly analyze how appellant's economic position affected the amount of restitution ordered, if at all. For the reasons discussed below, we vacate the district court's order awarding restitution and remand this case.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Kelley with trafficking in marijuana. Following an unsuccessful motion to suppress the evidence obtained as the result of the traffic stop, Kelley entered a conditional guilty plea, reserving his right to appeal the denial of the suppression motion. That issue was decided in a different case and is not before this Court.

At Kelley's sentencing hearing, the prosecutor orally requested restitution pursuant to Idaho Code § 37-2732(k). The prosecutor specifically requested $7,328.50 for prosecution costs--reimbursement for ten hours of work by the prosecutor at $145 per hour and 42 hours of work at $140 per hour. Kelley challenged the restitution order on the grounds that it punished him for asserting his constitutional rights.

The district court awarded restitution pursuant to I.C. § 37-2732(k). The total restitution amount ordered was $2,650. Kelley appeals and requests that this Court vacate the restitution award pertaining to prosecution costs.

# II.

## ANALYSIS

Kelley makes two general arguments on appeal. First, Kelley contends the restitution award is unconstitutional because it deprives him of due process, violates his Sixth Amendment right to present a defense, and violates his right to equal protection. Second, he argues that even if the district court could constitutionally award restitution, the district court acted outside the bounds of its discretion when it failed to apply the proper legal standard by failing to analyze Kelley's economic circumstances and his ability to repay the restitution or whether the hourly rate charged by the State was reasonable. Because we find the district court did not apply the correct legal standard in awarding restitution, and that determination is dispositive, we need not address the other issues raised.

Restitution may be ordered by the district court under I.C. § 37-2732(k) once a defendant is convicted of a crime under the Uniform Controlled Substances Act, Title 37, Chapter 27 of the Idaho Code. *State v. Gomez*, 153 Idaho 253, 257-58, 281 P.3d 90, 94-95 (2012). Idaho Code § 37-2732(k) provides, in pertinent part:

> Upon conviction of a felony or misdemeanor violation under this chapter . . . the court may order restitution for costs incurred by law enforcement agencies in investigating the violation. Law enforcement agencies shall include,

but not be limited to . . . county and city prosecuting attorney offices. Costs shall include, but not be limited to . . . any other investigative or prosecution expenses actually incurred, including regular salaries of employees. . . . A conviction for the purposes of this section means that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment(s) or withheld judgment(s).

Because I.C. § 37-2732(k) provides little, if any, guidance regarding the nature of a restitution award or the procedure to obtain such an award, we are guided by the general restitution statute, I.C. § 19-5304. *Gomez*, 153 Idaho at 258, 281 P.3d at 95; *State v. Mosqueda*, 150 Idaho 830, 833-34, 252 P.3d 563, 566-67 (Ct. App. 2010).

Whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7), and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). To meet the second and third requirements of the multi-tiered inquiry outlined above, the trial court must base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6). The determination of the amount of restitution is a question of fact for the trial court, whose findings will not be disturbed if supported by substantial evidence. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013).

In October 2014, in support of the restitution request, the State initially submitted a document entitled "Statement of Costs and Request for Restitution in a Drug Case" that included an attorney rate of $140 per hour for 25.5 hours and an attorney rate of $145 per hour for .1 hour,

for a total of $3,584.50 requested restitution for prosecuting Kelley's case.[1]  No other document was filed as part of the request.  Kelley indicated at sentencing that he would be challenging the restitution amount.  In the motion objecting to restitution, Kelley argued the amount requested was unreasonable based on a rate of $140 per hour.  Kelley noted this was significantly higher than the hourly amount of public defenders and would result in an annual salary of $301,600 per year for the designated deputy prosecutor.  Kelley then noted the State has the burden of establishing the reasonableness of the restitution request.  In essence, Kelley was challenging the basis by which the State calculated the $145 hourly rate.

Thereafter, the State filed an exhibit entitled "Restitution summary for Kelly (sic) as of 1/22/15" which provided a more detailed list of the activities performed, the date of each activity, and the amount of time spent for each activity.  In a handwritten note on the document, it identifies that 10 hours of work at $145 per hour was performed and 42 hours of work at $140 per hour was performed, with a total request of $7,330.  Attached were various e-mails, court minutes, and cover sheets from Westlaw documenting work performed by the prosecution.  For the updated request, there was no statement from the prosecutor indicating it reviewed the time log, nor was the "Restitution Summary" signed by the prosecutor or notarized.

The district court awarded restitution, noting that "the State bears the burden of demonstrating the amount of restitution by a preponderance of the evidence."  The district court determined the total number of hours of work was unreasonable and concluded the State was entitled to restitution based on 35.2 hours of attorney time spent on the case.  As to the hourly wage, the district court found that $140 per hour was unreasonable but $75 per hour (the hourly wage awarded in *State v. Weaver*, 158 Idaho 167, 345 P.3d 226 (Ct. App. 2014)) was reasonable

---

[1]      The entirety of the written and unsworn statement reads:

> I . . . Deputy Prosecuting Attorney for State of Idaho, County of Ada, am aware that the Ada County Prosecutor's Office keeps records regarding the attorney time spent prosecuting drug cases in anticipation of submitting a request for restitution pursuant to I.C. § 37-2732(k).  I have reviewed the time log in this case, which documents the prosecutor time spent prosecuting the above referenced drug case.  The Ada County Prosecutor's Office spent 25.5 attorney hours at an attorney rate of $140 per hour and spent .1 attorney hours at an attorney rate of $145.00 prosecuting this case, not including preparation and argument for the sentencing hearing.  Pursuant to Idaho Code § 37-2732(k), the State requests restitution in the amount of $3,584.50.

and ultimately awarded $2,640 in restitution. However, mere declarations by the prosecutor that the prosecutor's attorney rate is $140 or $145 per hour or conclusions by the district court that $75 per hour is reasonable do not amount to substantial evidence to support the district court's restitution award.

Because the district court lacked any evidence to support its restitution award, there is nothing for this Court to review to determine whether the district court's award of restitution was reasonable or constitutional. In this case, prior to sentencing, the prosecutor provided only an unsworn written representation as to the amount of the costs and hours spent prosecuting the case requesting $3,584.50. Thereafter, the State sought $7,330 in prosecution costs, which accounted for approximately 52 hours of prosecution attorney time and accounted for time spent on the case since the previous restitution hearing. In the second request, the State provided a document that contained only a listing of dates, times, and activities without any statement of the prosecutor. Thus, again the State offered an unsworn, written statement rather than presenting evidence.

In a general sense, "evidence" is something (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact. *Evidence*, BLACK'S LAW DICTIONARY (10th ed. 2014). The district court's restitution decision and our review, however, must be based upon substantial and competent evidence in the record. Unsworn oral or written representations, even those of an officer of the court, are not evidence. *See Zepeda v. State*, 152 Idaho 710, 716, 274 P.3d 11, 17 (Ct. App. 2012); *State v. Gerardo*, 147 Idaho 22, 26, 205 P.3d 671, 675 (Ct. App. 2009). While the State's Statement of Costs and Request for Restitution in a Drug Case was signed, it was unsworn and, therefore, does not constitute evidence. The very purpose of an evidentiary hearing is to present evidence. Since the State here failed to present any evidence in support of its restitution claim, there is no evidence this Court can review to determine if the award of restitution was an abuse of discretion or violated any constitutional principles.

Where a trial court has applied incorrect legal standards in exercising its discretion, the appropriate remedy is a remand for a re-determination by the trial court, applying the correct legal criteria. *Associates Northwest, Inc. v. Beets*, 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct. App. 1987). Accordingly, we vacate the restitution award and remand this case for further proceedings consistent with this opinion.

5

### III.

### CONCLUSION

The district court erred in awarding restitution in the absence of evidence to support the award. The restitution award is therefore vacated and this case remanded.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.