**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43506**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 496** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: April 21, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ROBERT OLEN FORD FRANDSEN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Order granting restitution, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Robert Olen Ford Frandsen appeals from the district court's order granting restitution. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Frandsen moved into his co-defendant's garage and helped his co-defendant traffic drugs. Frandsen was arrested and the State charged him with conspiracy to deliver marijuana, Idaho Code §§ 37-2732(a) and 18-1701; and conspiracy to deliver methamphetamine, I.C. §§ 37-2732B(a)(4) and 18-1701. In exchange for Frandsen's guilty plea to the conspiracy to deliver marijuana charge, the State dismissed the conspiracy to deliver methamphetamine charge.

The district court sentenced Frandsen to five years in prison with two years determinate and retained jurisdiction. The district court ultimately relinquished jurisdiction and sentenced

1

Frandsen to three years in prison with one year determinate. The State requested restitution. Frandsen asked the district court not to impose restitution because of his minor role in the drug trafficking operation and inability to find a job upon release from prison. In ordering Frandsen to pay restitution, the district court stated,

> Contrary to Defendant's assertions, he was something more than a bit player. By his own description, he took phone calls and orders for illegal drugs on behalf of his codefendant. He also personally delivered illegal drugs to the enterprise customers who came to the premises. Defendant self-described that he usually just delivered marijuana. He stated that he did not like dealing with methamphetamine, although he occasionally delivered this on behalf of his codefendant. Defendant reported he was making approximately $100 per day from this activity while paying $30 per day rent on the garage in which he lived. It is clear from the police reports that his codefendant was the money behind and the person in control of the operation. Defendant is to that extent somewhat less culpable. Defendant also suffers from some mental health issues, although they do not appear to be debilitating. He dropped out of high school in the 11th grade and has no history of regular employment. At the time of his arrest he was making his living selling drugs and panhandling. The Court does agree that his job prospects are somewhat limited, but they're not nonexistent. At some point in his life Defendant needs to learn how to support himself with gainful employment in a lawful manner. . . . The Court believes it is appropriate to give Defendant a modest reduction in the total requested restitution to reflect Defendant's somewhat lesser role. Therefore the Court will order restitution of 75% of the requested amounts.

Frandsen timely appeals the district court's order.

## II.

## ANALYSIS

Frandsen asserts the district court abused its discretion by requiring him to pay restitution. "Restitution may be ordered by the district court under I.C. § 37-2732(k) once a defendant is convicted of, or pleads guilty to, a crime under Title 37, Chapter 27 of the Idaho Code." *State v. Gomez*, 153 Idaho 253, 257-58, 281 P.3d 90, 94-95 (2012). We will not overturn an order of restitution unless an abuse of discretion is shown. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

2

Frandsen asserts the district court "should have relieved him of any restitution obligation" in light of his difficult childhood, vulnerable personality, low IQ, minor role in the drug trafficking operation, vulnerability to his co-defendant, and inability to find a job upon release from prison.

Frandsen does not dispute he was convicted of a qualifying crime under I.C. § 37-2732(k), or challenge the sufficiency of the evidence submitted in support of the State's restitution request. While Frandsen asserts the district court abused its discretion, he provides no facts demonstrating such an abuse. Frandsen essentially asks this Court to second-guess the district court's restitution order. We will not do so. That the district court could, but did not, relieve Frandsen of his restitution obligation falls short of demonstrating the district court abused its discretion. In fact, the record shows the district court exercised reason and acted within the bounds of its discretion and consistently with applicable legal standards in requiring Frandsen to pay restitution. Moreover, the district court considered Frandsen's request for leniency and, in fact, only required him to pay 75% of the State's requested restitution. Accordingly, we cannot say the district court abused its discretion in requiring Frandsen to pay 75% of the State's requested restitution.

## III.
## CONCLUSION

Frandsen did not demonstrate the district court abused its discretion. The district court's order granting restitution is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.